1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5

6 **ANGELA KENNARD,**                                 CASE NO. 18-cv-04665-YGR

7          Plaintiff,

8          vs.                                        **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS**

9 **LAMB WESTON HOLDINGS, INC.,**                     Re: Dkt. No. 52

10          Defendant.

11          Now before the Court is defendant Lamb Weston Holdings, Inc.'s motion for judgment on

12 the pleadings. (Dkt. No. 52 ("Motion").) Having considered the pleadings in this action and the

13 papers submitted, and for the reasons set forth below, the Court **DENIES** defendant's motion.[1]

14 **I.      PROCEDURAL BACKGROUND[2]**

15          Plaintiff Angela Kennard brings this putative class action alleging that defendant

16 "unlawfully and unfairly packag[ed] its ALEXIA brand SWEET POTATO fries WITH SEA

17 SALT product (the 'Product') in opaque containers that contain more than 50% empty

18 space." (Dkt. No. 38 ("SAC") ¶ 1.) On January 29, 2019, defendant moved to dismiss the SAC.

19 (Dkt. No. 39.) In its order granting in part and denying in part defendant's motion to dismiss, the

20 Court noted that the SAC was based on two theories of liability: (1) consumer deception, namely,

21 that the Alexia product packages were misleading because consumers expected more sweet potato

22 fries than were actually included, and (2) slack fill, namely that the Alexia product packaging was

23 unlawful because it violated the California Fair Packaging and Labeling Act's ("CFPLA")

24 regulation against nonfunctional slack fill, specifically Business & Professions Code section

25

26          [1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this decision appropriate without a hearing.

27          [2] The factual background of this case is set forth in detail in the Court's order granting in part and denying in part defendant's motion to dismiss the second amended complaint. (Dkt. No. 49.)

28

United States District Court
Northern District of California

1    12606.2. (Dkt. No. 49 ("Order") at 4.) The Court analyzed plaintiff's claims based on both

2    theories.

3          As to the consumer deception theory, the Court applied a "reasonable consumer" standard

4    and found that plaintiff did not plausibly allege that a reasonable consumer would be deceived as

5    to the amount of fries in an Alexia product package in light of disclosures on the packaging

6    regarding net weight, number of fries per serving, and number of servings per container. (*Id*. at

7    6-8.) The Court also rejected plaintiff's argument that defendant's packaging was "inherently

8    deceptive," and therefore, that the disclosures on the packaging did not insulate defendant from

9    liability based on a consumer deception theory. (*Id*. at 10.) Accordingly, the Court dismissed

10   plaintiff's claims with prejudice to the extent they were based on a consumer deception theory. As

11   to plaintiff's nonfunctional slack fill theory based on the CFPLA, the Court found that the SAC

12   alleged with sufficient particularity that "[m]ore than 50% of the interior of the of the [Alexia

13   product's] containers is comprised of empty space, or non-functional slack-fill," and that "[t]here

14   is no practical reason for the non-functional slack-fill used to package the [p]roduct." (*Id*. at 13,

15   quoting SAC ¶¶ 25, 31.) Thus, the Court denied defendant's motion to dismiss to the extent

16   plaintiff's claims were based on a nonfunctional slack fill theory of liability. (*Id*. at 14.)

17         Defendant now argues it is entitled to judgment on the pleadings on the ground that

18   plaintiff has not and cannot establish Article III or statutory standing on the remaining UCL and

19   CLRA claims. (Motion at 1.) Specifically, defendant avers that plaintiff's injury allegations

20   "necessarily depend on her now-rejected allegations that she was deceived," and accordingly,

21   "[w]hatever their basis for liability," plaintiff's claims fail. (*Id*.)

22   **II.    LEGAL STANDARD**

23         Under Rule 12(c) of the Federal Rules of Civil Procedure, judgment on the pleadings may

24   be granted when, accepting as true all material allegations contained in the nonmoving party's

25   pleadings, there are no issues of material fact and the moving party is entitled to judgment as a

26   matter of law. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist*

27   *Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989); *Munoz v. Fin. Freedom Senior*

28   *Funding Corp.*, 567 F.Supp.2d 1156, 1158 (C.D. Cal. 2008); Fed.R.Civ.P. 12(c). The applicable

2

1   standard is essentially the same as a motion to dismiss for failure to allege facts sufficient to state

2   a claim under Rule 12(b)(6).  Thus, although the Court must accept well-pleaded facts as true, it is

3   not required to accept mere conclusory allegations or conclusions of law.  *See Ashcroft v. Iqbal*,

4   556 U.S. 662, 678-79 (2009) ("[T]he tenet that a court must accept as true all of the allegations

5   contained in a complaint is inapplicable to legal conclusions.") (citing *Bell Atlantic Corp. v.*

6   *Twombly*, 550 U.S. 544, 555 (2007)).

7          If, on a motion for judgment on the pleadings, a party raises an issue as to the court's

8   subject matter jurisdiction, "the district judge will treat the motion as it if had been brought under

9   Rule 12(b)(1)."  *San Luis Unit Food Producers v. United States*, 772 F. Supp. 2d 1210, 1218 (E.D.

10  Cal. 2011), *aff'd*, 709 F.3d 798 (9th Cir. 2013) (quoting Charles Alan Wright & Arthur R. Miller,

11  Federal Practice and Procedure § 1367 (3d ed. 2004)).  To survive a motion to dismiss under Rule

12  12(b)(1), named plaintiffs "must allege and show that they have personally been injured."  *Warth*

13  *v. Seldin,* 422 U.S. 490, 502 (1975).

14  **III.    DISCUSSION**

15         Defendant argues that plaintiff lacks both Article III and statutory standing because the

16  SAC's injury allegations rely on a consumer deception theory that this Court previously rejected. [3]

17         As an initial matter, the Court notes that defendant's motion for judgment on the pleadings

18  is essentially a motion for reconsideration of the Court's order granting in part and denying in part

19  defendant's motion to dismiss the SAC, filed absent leave of Court.  *See* L.R. 7-9(a) ("No party

20  may notice a motion for reconsideration without first obtaining leave of Court to file the

21  motion.").  Had defendant obtained leave to seek reconsideration, it would have been subject to a

22  higher standard than on a motion for judgment on the pleadings.  *See Carroll v. Nakatani,* 342

23  F.3d 934, 945 (9th Cir. 2003) (noting that reconsideration is an "extraordinary remedy, to be used

24  sparingly in the interests of finality and conservation of judicial resources") (citation omitted);

25

26

27         [3] In its reply, defendant clarifies that "reliance is not the issue," and instead, the only issue
    "is whether [p]laintiff alleged an economic injury resulting from the statutory violation."  (Dkt.

28  No. 57 ("Reply") at 1, 5.)  As such, the Court need not and does not address reliance arguments
    raised in plaintiff's opposition except insofar as reliance and injury are inextricably intertwined.

3

1 *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999) (noting that a reconsideration motion

2 "should not be granted, absent highly unusual circumstances") (citation omitted). Further,

3 defendant at least partially raised the argument it raises in the instant motion, namely that plaintiff

4 has not pleaded a plausible injury, in defendant's motion to dismiss the SAC. (*See* Dkt. No. 39 at

5 10-11 ("Plaintiff's claim fails under the balancing test because, as discussed, she fails to plausibly

6 allege any consumer deception, foreclosing any 'harm to the alleged victim.'").) Such repetition

7 of arguments is disfavored. *See* L.R. 7-9 ("No motion for leave to file a motion for

8 reconsideration may repeat any oral or written argument made by the applying party in support of

9 or in opposition to the interlocutory order which the party now seeks to have reconsidered."). The

10 Court cautions defendant that appropriate procedures must be used to seek relief from this Court.

11  Notwithstanding the foregoing, the Court reviews the merits of the motion to determine

12 whether defendant is entitled to judgment on the pleadings on the ground that plaintiff has failed

13 to establish standing. To show standing under the UCL, a plaintiff must aver facts establishing

14 that she "suffered injury in fact and has lost money or property as a result of the unfair

15 competition." Cal. Bus. & Prof. Code § 17204. To that end, the plaintiff must demonstrate that

16 she relied on the allegedly deceptive or misleading statements. *Kwikset Corp. v. Superior Court*,

17 51 Cal.4th 310, 326 (2011). Similarly, under the CLRA, a plaintiff must establish actual reliance

18 and economic injury. *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2014 WL 1028881,

19 at *5 (N.D. Cal. Mar. 14, 2014). Additionally, Article III of the U.S. Constitution requires that a

20 plaintiff allege "injury in fact—an invasion of a legal protected interest which is (a) concrete and

21 particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan v.*

22 *Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

23  Here, plaintiff alleges that she and the class "lost money" as a result of defendant's conduct

24 because "(a) they would not have purchased the [p]roduct on the same terms absent [d]efendant's

25 illegal conduct . . . , or if the true facts were known concerning [d]efendant's representations; (b)

26 they paid a higher price for the [d]efendant's [p]roduct due to [d]efendant's misrepresentations;

27 and (c) [d]efendant's [p]roduct did not have the quantities as represented." (SAC ¶¶ 57, 69.) In

28 other words, taking these allegations as true, plaintiff spent money she otherwise would have

4

1    saved but for defendant's act of including nonfunctional slack fill in its product packaging.

2    Whether plaintiff *actually* suffered an economic loss as a result of the nonfunctional slack fill is a

3    factual inquiry to be resolved at a later stage in the litigation.  At this junction, however, plaintiff's

4    allegations are sufficient to withstand defendant's motion.  Indeed, courts have routinely found

5    that such allegations are sufficient to state a plausible injury in similar cases.  *See, e.g., Cordes v.*

6    *Boulder Brands USA, Inc.*, No. CV 18-6534 PSG (JCX), 2018 WL 6714323, at *2 (C.D. Cal. Oct.

7    17, 2018) ("His allegation that the package contained fewer pretzels than he expected is enough to

8    satisfy the injury-in-fact requirement because it gives rise to a plausible inference that he would

9    not have paid as much for the product—or that he would not have purchased it all—had he known

10   that the package contained forty percent slack-fill.") (citing *Mazza v. Am. Honda Motor Co.*, 666

11   F.3d 581, 595 (9th Cir. 2012)).

12          Defendant contends that these allegations nevertheless are insufficient to confer standing

13   because the Court previously held that defendant's product packaging could not plausibly deceive

14   a reasonable consumer.  (Motion at 8.)  As the Court noted in its prior order, however, the CFPLA

15   provides a theory of liability that is separate and distinct from a consumer deception theory.  *See*

16   *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966-68 (9th Cir. 2016) (separately analyzing claims under

17   reasonable consumer theory and under the CFPLA).  Further, as the California Court of Appeal

18   noted in *Hobby Indus. Assn. of Am., Inc. v. Younger*, the CFPLA's "nonfunctional slack fill

19   prohibition reaches all forms of nonfunctional slack fill (unless excepted)" "*whether or not there*

20   *is other proof of deception or fraud.*"  101 Cal. App. 3d 358, 364, 366 (Ct. App. 1980) (emphasis

21   supplied); *see also* Stern, Cal. Practice Guide: Bus & Prof. Code Section 17200 Practice (The

22   Rutter Group, March 2019 Update) Ch. 4-D (under the CFPLA, "a container 'that does not allow

23   the consumer to fully view its contents' is per se 'misleading if it contains nonfunctional slack

24   fill'").  "For a seller to package goods in containers which . . . are appreciably oversized, or in

25   containers so shaped as to create the optical illusion of being larger than conventionally shaped

26   containers of equal or greater capacity, is as much a deceptive practice, and an unfair method of

27   competition, as if the seller was to make an explicit false statement of the quantity or dimension of

28   his goods[.]"  *Hobby*, 101 Cal. App. 3d at 367.  Thus, although the Court previously found that

United States District Court
Northern District of California

1    disclosures on defendant's product packaging precluded plaintiff from pursuing claims based on a

2    reasonable consumer theory, plaintiff still may pursue a theory, predicated on the CFPLA, that she

3    was deceived and suffered economic harm as a result of nonfunctional slack fill.[4]

4    Moreover, the cases on which defendant relies fail to persuade. In support of its argument

5    that plaintiff has not pleaded standing, defendant cites the Ninth Circuit's unpublished decision in

6    *Hall v. SeaWorld Entm't, Inc.*, 747 F. App'x 449 (9th Cir. 2018). In *Hall*, plaintiffs alleged that if

7    they had known about defendant's alleged mistreatment of orcas, which allegedly violated

8    California's animal cruelty statute, they would not have purchased tickets from defendant. 747 F.

9    App'x at 452. The Ninth Circuit concluded that "[o]ther than [p]laintiffs' problem with the

10   general idea of orcas being in captivity . . . , nothing in the [complaint] suggests that [defendant]'s

11   violation of [the animal cruelty statute] 'caused' [p]laintiffs' economic injury." *Id*. The same is

12   not true here. Plaintiff does not object generally to the existence of nonfunctional slack fill, but

13   rather, asserts a theory of liability predicated on a statutory mandate that renders non-functional

14   slack-fill is *per se* misleading.[5]

15   In addition, defendant contends that the "mere purchase of an allegedly unlawfully

16   packaged item could not, on its own, constitute an economic injury," citing *Animal Legal Def.*

17   *Fund v. Mendes*, 160 Cal. App. 4th 136 (2008). (Motion at 9.) In *Mendes*, however, the

18   California Court of Appeal affirmed dismissal of a UCL claim premised on the defendants'

19   alleged violation of animal cruelty laws in the course of producing dairy products, finding that the

20   plaintiffs had not alleged "any false or misleading representations that could be said to have

21   become part of the purchase and sale agreement." 160 Cal. App. 4th at 146. Here, plaintiff

22

23
    [4] Likewise, contrary to defendant's assertion (Reply at 1), the Court's prior order did not
24   hold that defendant's packaging was not misleading as a matter of law. Rather, the Court found
     that plaintiff had not alleged that defendant's packaging was misleading under the reasonable
25   consumer test, particularly in light of disclosures on the package. (*See* Order at 6.) Plaintiff's
     nonfunctional slack fill theory provides a different basis for plaintiff to assert that defendant
26   misled consumers.

27   [5] Further, citing to unpublished opinions is not generally persuasive. *See* Alex Kozinski &
     Stephen Reinhardt, *Please Don't Cite This! Why We Don't Allow Citation to Unpublished*
28   *Dispositions*, Cal. Lawyer, June 2000, at 43-44.

1    alleges that she was deceived by defendant's packaging, which allegedly contained nonfunctional

2    slack fill and was *necessarily* part of the purchase and sale agreement.

3          Finally, in *Zeppeiro v. Green Tree Servicing, LLC*, No. CV1401336MMMJCX, 2015 WL

4    12660398, at \*8 (C.D. Cal. Apr. 15, 2015), the court found the plaintiff had pleaded no facts

5    indicating how the purported violation of a California mortgage statute had prejudiced or harmed

6    him, because "the allegedly unlawful notice of default was rescinded." Here, plaintiff allegedly

7    completed the transaction at issue, namely, the purchase of defendant's product. (SAC ¶¶ 57, 69.)

8    She further alleges that she completed the purchase under terms to which she otherwise would not

9    have agreed but for defendant's violation of the CFPLA, which renders nonfunctional slack fill

10    misleading. (*Id.*) These allegations are sufficient, at this juncture, to establish a plausible injury

11    resulting from defendant's conduct.[6]

12    **IV.**    **CONCLUSION**

13          For the foregoing reasons, defendant's motion for judgment on the pleadings is **DENIED**.

14          This Order terminates Docket Number 52.

15          **IT IS SO ORDERED.**

16    Dated: September 10, 2019

                                 **YVONNE GONZALEZ ROGERS**

17                            **UNITED STATES DISTRICT COURT JUDGE**

18

19

20

21

22

---

23         [6] Plaintiff's argument that she has alleged a plausible "intangible, informational injury"
fails to persuade. (Dkt. No. 55, at 7-9.) To establish standing under the UCL and CLRA, a

24 plaintiff must allege a loss of money or property, or an economic injury. *Ehret v. Uber Tech., Inc.*,
68 F. Supp. 3d 1121, 1132 (N.D. Cal. Sept. 17, 2014); *Victor v. R.C. Bigelow, Inc.*, No. 13-CV-

25 02976-WHO, 2014 WL 1028881, at \*5 (N.D. Cal. Mar. 14, 2014). Plaintiff's purported

26 "intangible, informational injury" does not suffice to support her statutory claims. *See McKenzie
v. Fed. Exp. Corp.*, 765 F. Supp. 2d 1222, 1237 (C.D. Cal. 2011) (right to receive information

27 under statute amounted to intangible injury insufficient to confer standing under the UCL).
However, because plaintiff has established a plausible economic injury, defendant is not entitled to

28 judgment on the pleadings.